IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SAMSON BUGA OKERO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-07-104-T |
| | ) |
| OKLAHOMA COUNTY JAIL, SHERIFF | ) |
| and PERSONNEL, | ) |
| | ) |
| Defendants. | ) |

**Report and Recommendation**

When the action began, the Plaintiff was housed at the Oklahoma County Detention Center. In light of his incarceration, the Court granted pauper status and ordered installments on the filing fee. The Defendants later announced that Mr. Okero was no longer housed at the Oklahoma County Detention Center, and his present whereabouts are unknown to the Court.[1] Thus, the Court ordered the Plaintiff to provide current information on his financial condition and warned that failure to comply could result in revocation of pauper status. Mr. Okero has not complied with the order,[2] and his deadline expired eight days ago. In light of

---

[1] In a separate proceeding, a magistrate judge found that the Petitioner has been removed to Kenya. *See Okero v. Gonzales*, Case No. CIV-07-224-W, slip op. at 3 (W.D. Okla. June 22, 2007) (unpublished report and recommendation by magistrate judge).

[2] The Plaintiff presumably did not receive the order because it was sent to his old address. But the Clerk's mailing sufficed because the Oklahoma County Detention Center was Mr. Okero's last known address. *See* LCvR 5.5(a).

the failure to comply with the order, the Court should revoke pauper status and order the Plaintiff to pay the $350.00 filing fee[3] within twenty days.[4]

"Leave to proceed without prepayment of fees and costs is a privilege, not a right." *Treff v. Galetka*, 74 F.3d 191, 197 (10th Cir. 1996) (citations omitted). Thus, when circumstances change, a court must determine whether the plaintiff retains eligibility for pauper status. *See id.* ("when a litigant's financial condition improves during the course of litigation, the district court may require him or her to pay fees and costs" (citations omitted)); *see also Young v. Knight*, 113 F.3d 1248, 1997 WL 297692, Westlaw op. at 1 (10th Cir. June 5, 1997) (unpublished op.) ("waiver of the initial partial filing fee . . . does not relieve plaintiff of his obligation to pay the partial fee at such time as his resources permit").[5]

The Court ordered the Plaintiff to pay installments on the filing fee and directed the Oklahoma County Detention Center to make these payments out of the Plaintiff's

---

[3]    *See* 28 U.S.C. § 1914(a).

[4]    *See* LCvR 3.3(e).

[5]    Even if the Plaintiff retained eligibility for pauper status, his release from the Oklahoma County Detention Center could affect the obligation to pay previous installments. For example, some jurisdictions hold that if released, a former inmate must pay all past-due obligations under the Prison Litigation Reform Act. *See Gay v. Texas Department of Corrections State Jail Division*, 117 F.3d 240, 242 (5th Cir. 1997) (holding "that the § 1915 filing-fee requirement applies to [the plaintiff] because he 'file[d] an appeal' while he was a prisoner"); *In re Smith*, 114 F.3d 1247, 1249 (D.C. Cir. 1997) ("the [Prison Litigation Reform Act] is applicable to Smith's petition, [and] . . . his release from prison does not relieve him of past due obligations under the [statute]"); *Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997) (describing the court's approach as "requiring prepayment of the sum that should have been remitted before release").

institutional account. However, the Plaintiff's departure from the detention center renders the order ineffective, permitting Mr. Okero to avoid installments on the filing fee.

In carrying out its duty to monitor pauper status, the Court required Mr. Okero to update information concerning his financial condition by filing an amended motion for leave to proceed *in forma pauperis*. The deadline for compliance passed on June 19, 2007, and the Plaintiff has not complied, shown good for the failure to do so, or requested an extension of time. The continuing failure to provide supplemental financial information prevents a proper assessment of the Plaintiff's right to continue *in forma pauperis* or his duty to pay installments. Under these circumstances, the Court should revoke pauper status and order Mr. Okero to pay the filing fee within twenty days. *See* LCvR 3.3(e).

The Plaintiff may object to this report and recommendation by July 18, 2007. *See* LCvR 72.1. To object, the Plaintiff must file a written objection with the Court Clerk for the United States District Court, Western District of Oklahoma. *See* 28 U.S.C. § 636(b)(1). If the Plaintiff fails to timely object, he would waive his right to appellate review over the suggested ruling. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation terminates the referral. If the Plaintiff pays the filing fee within twenty days of the district judge's order, the undersigned would suggest a new referral for further proceedings.

Entered this 27th day of June, 2007.

_____
Robert E. Bacharach
United States Magistrate Judge